# EXHIBIT A



# Shillen Mackall Seldon&Spicer
promoting justice

**DENNIS O. SHILLEN**
ADMITTED IN VT & FL
DShillen@promotingjustice.com

**NICHOLAS J. SELDON**
ADMITTED IN VT, NH & CA
NSeldon@promotingjustice.com

SUNSET FARM OFFICES - SUITE 2A
21710 MAXHAM MEADOW WAY
WOODSTOCK, VERMONT 05091

3301 RICKENBACKER CAUSEWAY
MIAMI, FLORIDA 33149

**TELEPHONE:** (802) 457-4848
**TOLL FREE:** (800) 743-4848
**FAX:** (802) 457-4769
**E-MAIL:** Lawyers@promotingjustice.com

**D. JAMES MACKALL**
ADMITTED IN VT, TX & OH
DJMackall@promotingjustice.com

**JACK T. SPICER**
ADMITTED IN VT & NY
JSpicer@promotingjustice.com

June 24, 2025

**VIA CERTIFIED US MAIL:**
Washington County Sheriff's Office
10 Elm Street
Montpelier, VT 05602

RE:   *THOMAS KNIGHT VS. AMAZON.COM SERVICES, LCC.*

**Service of Civil Process Upon Amazon.com Services, LLC.**

Dear Deputy:

This law firm requests represents Thomas Knight in the above-captioned matter. We accept responsibility for any and all expenses you incur in connection with your service of the within-contained process. Please serve the Registered Agent for Amazon.com Services, LLC.

Registered Agent:   Corporation Service Company
100 N Main Street, Suite #2
Barre, VT 05641-4150

On your *Return of Service,* **please** be sure you note the following materials:

1.   *Complaint*
2.   *Summons*
3.   *Answer* form (blank)
4.   *Notice of Appearance for Self- Represented Litigant* form (blank)

Sincerely,

Nicholas J. Seldon, Esq.

STATE OF VERMONT

SUPERIOR COURT                                                    CIVIL DIVISION
WINDSOR UNIT


Thomas Knight
*Plaintiff*

vs.

Amazon.com Services LLC,
*Defendant*

## COMPLAINT

NOW COMES Plaintiff Thomas Knight, by and through his undersigned attorneys, Shillen Mackall Seldon & Spicer, P.C., and hereby initiates this civil action against Defendant Amazon.com Services LLC. In support of this civil action, Plaintiff states as follows:

### Summary of Action

1. This civil action arises out of Defendant's advertisement, distribution, and retail sale of an unreasonably dangerous and defective Chinese heated insole that caused Plaintiff to suffer severe second-degree and third-degree burns when the product spontaneously combusted in the State of Vermont on March 28, 2024.

### Jurisdiction

2. This Court has personal jurisdiction as well as subject matter jurisdiction, and venue is proper.

3. The unreasonably dangerous and defective product at issue was marketed by Defendant to Vermont residents (including Plaintiff), distributed by Defendant to Vermont residents (including Plaintiff), sold by Defendant, and delivered by Defendant to Plaintiff who resided in the State of Vermont at all material times.

    a. Defendant intentionally, knowingly, and/or continuously conducted its business activities in the State of Vermont, and as such, voluntarily consented to being sued in Vermont.

b. The damages at issue in this action arise out of Defendant's specific business contacts within Vermont.

4. Plaintiff Thomas Knight is a thirty-seven year-old male who resides in Windsor County, Vermont.

5. Defendant Amazon.com Services LLC is a foreign limited liability company that is organized under the laws of Delaware. Defendant's principal office address is 410 Terry Avenue North in Seattle, Washington.

### Statement of Facts

6. Plaintiff repeats paragraphs one through five.

7. On January 12, 2024, Order Number 112-2871515-0284206 was placed with Defendant for Plaintiff to receive from Defendant one set of heated insoles.

8. Order Number 112-2871515-0284206 was delivered to Plaintiff's residence in Windsor County, Vermont on January 15, 2024.

9. At all material times, Plaintiff was employed as an operator of an outdoor ski lift in the State of Vermont and, as such, Defendant's advertisements of the heated insoles at issue were exceptionally alluring to Plaintiff.

10. At all material times, Plaintiff used the heated insoles at issue in a foreseeable and proper manner.

11. Neither Plaintiff nor anyone known to Plaintiff ever misused the product at issue.

12. Neither Plaintiff nor anyone known to Plaintiff ever tampered with the product at issue.

13. On March 28, 2024, the heated insoles at issue spontaneously combusted and caused severe injuries to Plaintiff's right foot while Plaintiff was at work.

14. Defendant failed to provide any type of notice or warning to Plaintiff that the heated insoles at issue can spontaneously combust while being worn.

15. Defendant knew or ought to have known of a design defect plagued the heated insoles at issue because other reviewers reported similar issues.

16. Defendant took zero action to notify customers (including Plaintiff) that the product at issue is known to be defective and dangerous.

17. Defendant took zero action to recall the product at issue.

18. Defendant finally removed the product at issue from its marketplace following Plaintiff's vociferous complaints and reports.

19. On information and belief, after receiving notice of this incident, Defendant chose not to notify any customers or recall any products.

20. Defendant operates a platform on which it markets, advertises, recommends, and retails various products including the dangerous and defective heated insoles at issue.

21. Defendant coordinates all logistics, including shipments and deliveries, of products that it markets, advertises, recommends, and retails on its online platform (including the defective heated insoles at issue).

22. Plaintiff sustained serious injuries to his right foot, including second-degree and third-degree burns.

23. Plaintiff suffered extreme pain and disability secondary to his foot injuries.

24. Plaintiff continues to suffer from permanent neurologic impairment due to the injuries at issue.

25. Plaintiff incurred the expense of medical care due to the incident at issue.

26. Due to the injuries at issue, Plaintiff could not return to work from March 28, 2024 through December of 2024.

27. Plaintiff's causally-related medical bills are approximately $14,000.00.

28. Plaintiff's lost wage claim totals to approximately $28,800.00.

## COUNT I – STRICT LIABILITY
### DEFECTIVE PRODUCT AND DEFECTIVE WARNING

29. Plaintiff repeats and realleges paragraphs one through twenty-eight.

30. The damages at issue arise out of a defective and unreasonably dangerous Chinese-made heated insole, which also lacked adequate warnings and advisories to alert consumers to the unexpected risk of spontaneous combustion.

31. Defendant is the advertiser, marketer, distributor, seller, and delivery source of the defective and unreasonably dangerous product at issue.

32. Plaintiff is a consumer of the defective and unreasonably dangerous product at issue.

33. No substantial change in the product's condition occurred between January 15, 2025 (when Defendant completed its sale, distribution, and delivery of the product) and the time of Plaintiff's incident of March 28, 2024.

34. The defective and unreasonably dangerous product at issue caused Plaintiff to suffer serious economic and non-economic damages due to its defective and unreasonably dangerous condition.

35. Defendant failed to notify or warn Plaintiff of the product's tendency to spontaneously combust.

36. Plaintiff would not have kept or used the product at issue if Defendant had notified or warned customers of the product's tendency to spontaneously combust.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37. Plaintiff repeats and realleges paragraphs one through thirty-six.

38. A warranty of merchantability was implied when Defendant sold, distributed, and delivered the product at issue.

39. The heated insoles at issue were required by Vermont law to be fit for the ordinary purpose for which they are intended, which means a customer ought to be able to walk and stand on top of the product indefinitely without the product spontaneously combusting.

40. At the time of sale, and immediately thereafter, the heated insoles at issue were unfit for all foreseeable and expected uses as evidenced by the fact that the product spontaneously combusted on March 28, 2024.

41. The product at issue was rife with hazardous defects and was not at all safe for normal use.

42. Plaintiff's economic and non-economic losses are the direct result of Defendant's breach of the implied warranty of merchantability.

## COUNT III – NEGLIGENCE

43. Plaintiff repeats and realleges paragraphs one through forty-two.

44. At all material times, Defendant owed to its customers (including Plaintiff) a duty of care, which includes the duty to advertise, market, distribute, sell, and deliver reasonably safe products and/or to provide a clear warning when a product presents a risk of serious injury to a consumer and/or to refrain from selling products that are unreasonably hazardous.

45. Defendant also owed to its consumers a duty of care to recall and/or to otherwise contact consumers once a previously sold product is discovered to present a new risk of injury.

46. Defendant breached its duties of care by advertising, marketing, retailing, distributing, and delivering to Plaintiff an unreasonably dangerous product that lacked any type of appropriate warning, and thereafter by failing to notify Plaintiff that other consumers of the same product had reported skin burns from use.

47. Prior to the incident at issue, Defendant knew that the heated insoles at issue could burn the skin of Defendant's customers.

48. Prior to the incident at issue, it was entirely feasible and possible for Defendant to alert all consumers of the heated insoles at issue and to recall the product.

49. Defendant chose not to recall the product at issue in order to avoid monetary losses.

50. As the direct and proximate result of Defendant's greed and indisputable failure to respect its duty of care, Plaintiff suffered economic and non-economic losses for which he demands full, fair, and complete compensation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests for a jury trial as well as:

1. An award that provides full, fair, and complete compensation for all past and future economic and non-economic losses that relate to the subject incident;
2. Pre-judgment statutory interest at 12%; and

3. All reasonable litigation expenses.

DATED: June 23, 2025

Respectfully submitted by:
THOMAS KNIGHT,
*Plaintiff*


BY AND THROUGH HIS LAWYERS
Shillen Mackall Seldon & Spicer, P.C.

*/s/ Nicholas J. Seldon*
Nicholas J. Seldon, Esq. (Bar # 5213)
21710 Maxham Meadow Way, 2nd Floor
Woodstock, Vermont 05091
T: 802-457-4848
E: NSeldon@PromotingJustice.com
Attorney for Plaintiff Thomas Knight

# STATE OF VERMONT

**SUPERIOR COURT**                         Civil        **DIVISION**

**Windsor**         **Unit**                  Case No. _____

| Plaintiff(s) | VS. | Defendant(s) |
|---|---|---|
| **Thomas Knight** | | **Amazon.com Services, LLC** |

## SUMMONS

**THIS SUMMONS IS DIRECTED TO** Amazon.com Services, LLC _____

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.

2. **YOU MUST REPLY WITHIN 21\* DAYS TO PROTECT YOUR RIGHTS.** You must give or mail the Plaintiff **a written response** called an Answer within 21\* days of the date on which you received this Summons. You must send a copy of your Answer to the [Plaintiff][Plaintiff's attorney] located at: Nicholas J. Seldon, Esq/Shillen Mackall Seldon & Spicer _____

    21710 Maxham Meadow Wa, Suite #2A, Woodstock, VT 05091 _____

    You must also give or mail your Answer to the Court located at:
    12 The Green _____
    Woodstock, VT 05091 _____

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT GIVE YOUR WRITTEN ANSWER TO THE COURT.** If you do not Answer within 21\* days and file it with the Court, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.

5. **YOU MUST MAKE ANY CLAIMS AGAINST THE PLAINTIFF IN YOUR REPLY.** Your Answer must state any related legal claims you have against the Plaintiff. Your claims against the Plaintiff are called Counterclaims. If you do not make your Counterclaims in writing in your Answer, you may not be able to bring them up at all. Even if you have insurance and the insurance company will defend you, you must still file any Counterclaims you may have.

6. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you cannot afford a lawyer, you should ask the court clerk for information about places where you can get free legal help. **Even if you cannot get legal help, you must still give the Court a written Answer to protect your rights or you may lose the case.**

7. **NOTICE OF APPEARANCE FORM.** THE COURT NEEDS TO KNOW HOW TO REACH YOU SO THAT YOU WILL BE INFORMED OF ALL MATTERS RELATING TO YOUR CASE. If you have not hired an attorney and are representing yourself, in addition to filing the required answer it is important that you file the Notice of Appearance form attached to this summons, to give the court your name, mailing address and phone number (and email address, if you have one). You must also mail or deliver a copy of the form to the lawyer or party who sent you this paperwork, so that you will receive copies of anything else they file with the court.

_Nicholas J. Seldon_                    6/24/25
**Plaintiff's Attorney/Court Clerk**          *Dated*

Served on        _7/2/2025_                    _[signature]_
                 *Date*                        *Sheriff*

\* Use 21 days, except that in the exceptional situations where a different time is allowed by the court in which to answer, the different time should be inserted.

### STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor**       Unit | **Case No.** |

| Plaintiff | | Defendant(s) |
|---|---|---|
| **Thomas Knight** | VS. | **Amazon.com Services, LLC** |

## ANSWER

**My name is** *(print or type)* _____. I have been sued in this case.

My answer to each numbered paragraph of the Complaint is as follows: *(Instructions - for each paragraph, state that you agree, disagree, or don't know)*

1. _____
2. _____
3. _____
4. _____

*(add additional numbered lines on separate page if necessary)*

I have legal defenses to the claims made against me.  They are:

1. _____
2. _____
3. _____
4. _____

*(add additional numbered lines on separate page if necessary)*

If I have a counterclaim against the Plaintiff(s), I am filing that separately with the required filing fee.

I understand that I must file this **Answer** with the Court, **AND** send a copy of this **Answer** (and any attachments) to **every party** in the case (Plaintiffs and Defendants), **AND** file and send to each party, a **Certificate of Service** form showing that I did that.

I also understand that anything I file with the Court must be sent to **every party** in the case, and that I must file a **Certificate of Service** form with each filing showing that I did that.

I understand that I have to follow the Vermont Rules of Civil Procedure.

I agree that all papers in this case may be sent to me at the address below.

Date

_____

| |
|---|
| _____ |
| Signature |
| _____ |
| Print Name |
| _____ |
| Address |
| _____ |
| Address 2 |
| _____ |
| Email |
| _____ |
| Phone Number |

## STATE OF VERMONT

**SUPERIOR COURT**                                         **CIVIL DIVISION**

**Windsor Unit**        **Unit**                           **Case No.** _____

| Plaintiff(s) | vs. | Defendant(s) |
|---|---|---|
| **Thomas Knight** | | Amazon.com Services, LLC |

## NOTICE OF APPEARANCE FOR SELF-REPRESENTED PARTY

My Name is: (print name) _____

In this case I am the: ☐ Plaintiff  ☐ Defendant  ☐ Other _____

I do not have an attorney and will represent myself. If I decide to be represented by an attorney in the future, my attorney will notify the court of the change.

In representing myself, I understand that I **MUST**:

1. **Notify the court in writing of any changes in my mailing address, phone number, or email address.**
2. **Give or send copies of any papers I file with the court to every other party in this case. If another party has an attorney, I will give or send copies to that party's attorney.**
3. **File a certificate of service with the court certifying that I have sent the papers I am filing (including this form) to all parties. I understand that I can find that form on the Vermont Judiciary website https://www.vermontjudiciary.org/ or at the courthouse.**

**Court Notices and Orders**
I understand that the court will send all notices and orders to me at the mailing address provided below.

**Documents from Other Parties in the Case**
I understand that the other parties in the case are required to provide me with a copy of all documents they file with the court. If I consent, the other parties may send me documents by email instead of by mail.
I consent to receive documents from the other parties at the email provided below:
☐ YES  ☐ NO

My Mailing Address:

Signature:_____  Name (print or type):_____

Address: _____  Date: _____

Home/Cell Phone: _____  Work Phone: _____

E-Mail Address: _____